WALLACE, Senior Circuit Judge,
concurring:
I concur in the majority’s opinion, except for its analysis of whether the funds Mitchell sought to launder were sufficiently “represented to be the proceeds of specified unlawful activity.” 18 U.S.C. § 1956(a)(3). My view is that Mitchell adequately represented that the funds were proceeds of bank fraud in violation of 18 U.S.C. § 1344, because the government was not required to represent that the financial institutions purportedly involved were federally insured. I would therefore affirm Anderson’s money laundering conviction.
“To require government agents to ... specifically]” name defrauded banks or inform suspected money launderers that the victimized banks are federally insured “[c]ould make it difficult for undercover agents to enforce [section 1956], as real criminals would be unlikely to state explie-itly[whieh banks were] the source of their funds.” United States v. Nelson, 66 F.3d 1036, 1041 (9th Cir.1995). The majority’s holding “[c]ould be too costly in the verisimilitude vital to sting operations,” United States v. Wydermyer, 51 F.3d 319, 327 (2d Cir.1995), cited with approval in Nelson, 66 F.3d at 1041, and may serve no useful purpose in cases where “any person of ordinary intelligence” would recognize that the money constituted proceeds of an unlawful bank fraud. United States v. McLamb, 985 F.2d 1284, 1291 (4th Cir.1993), cited with approval in Nelson, 66 F.3d at 1041; see also United States v. Leslie, 103 F.3d 1093, 1103-04 (2d Cir.1997) (affirming a money laundering conviction when a defendant “believed that the money was the proceeds” of a drug transaction based on an undercover FBI agent’s statement that the money was “powder-type” and contained traces of cocaine); United States v. Kaufmann, 985 F.2d 884, 892-93 (7th Cir.1993) (holding that “[i]t is enough that the government prove that an enforcement officer or authorized person made the defendant aware of circumstances from which a reasonable *978 person would infer that the property was drug proceeds”), cited with approval in Nelson, 66 F.3d at 1041. In brief, the majority announces a rule that is inconsistent with cases we approved in Nelson and that could have potentially far-reaching and unforeseen consequences.
In addition, at least one circuit has held that”[t]he [federally insured] status of the victim-institution is not a separate knowledge element of bank fraud under § 1344 but an objective fact that must be established in order for the statute to apply.” United States v. Brandon, 17 F.3d 409, 425 (1st Cir.1994). Thus, an actual scheme similar to the one described by Mitchell would violate section 1344 so long as the victimized banks were in fact federally insured, whether or not its architect knew of that fact. I am persuaded that this is a reasonable interpretation of section 1344. Furthermore, I fail to see why section 1956(a)(3) requires an agent seeking to launder proceeds from a staged section 1344 bank fraud to tell the money launderer about facts of which an actual perpetrator of bank fraud need not be aware. Rather, I would hold that property is adequately “represented to be the proceeds of specified unlawful activity,” 18 U.S.C. § 1956(a)(3), if the government agent describes all the facts that an individual must know in order to be convicted of the offense constituting that specified unlawful activity.
Finally, even assuming the government was required to represent that the funds were obtained from a federally insured bank, the majority does not explain what type of representations would be sufficient. Must the agent specifically state that the defrauded banks were federally insured? Or is the majority persuaded by Anderson’s contention that an agent need only “use the name of a well-known federally insured bank” because the government’s burden is merely to “make some representation that would permit a reasonable person to infer that these banks were federally insured”? But if that accurately describes the relevant standard, it was met in this case. Although the majority states that “the government gave Anderson no details whatsoever about the banks purportedly used in the scheme,” 371 F.3d at 612, Mitchell represented that he used banks “in Boston, in New York, and Detroit.” Furthermore, he stated that his scheme involved a leasing business in Atlanta. If representing a bank’s name supports a rational inference that the banks were federally insured, surely the national character of the scheme here is likewise sufficient.
For these reasons, I concur in the majority’s opinion, except for its reversal of Anderson’s money laundering conviction. I would affirm that conviction also.